IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>   v.<br><br>TRINITY HEALTH SYSTEM, d/b/a Trinity Hospital<br><br>             Defendant. | Civil Action No: _____<br><br>**C O M P L A I N T**<br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, pregnancy, and disability, and to provide appropriate relief to Juliana N. Pratti.

As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Trinity Health System ("Trinity Health") failed to accommodate Pratti's pregnancy-related medical restrictions, which resulted in her termination, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1).

The EEOC further alleges that Pratti's medical restrictions stemmed from a disability within the meaning of the Americans With Disabilities Act, as amended in 2008, and Trinity Health refused to accommodate Pratti's disability-based restrictions, in

1

violation of Section 102(5)(A) of the ADA, 42 U.S.C. § 12112. Instead, Defendant terminated her in violation of Section 102(5)(B) of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), as amended, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

4.	At all relevant times, Defendant Trinity Health has been a non-profit corporation licensed and doing business in Minot, ND, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant Trinity Health has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h)

of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Juliana N. Pratti filed a charge with the Commission alleging violations of Title VII and the ADA.

7. On June 19, 2017, the EEOC found reasonable cause to believe that Trinity Health violated Title VII and the ADA when it did not accommodate Pratti's medical restrictions and terminated her. At that time, the EEOC invited Trinity Health to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission held a conciliation meeting with Trinity Health to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. By letter dated July 25, 2017, the Commission informed Trinity Health that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April 2016, Trinity Health has engaged in unlawful employment practices in violation of Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1), and the ADA, 42 U.S.C. § 12112.

12. Pratti was pregnant in April 2016.

13. Pratti has a physical disorder of the cervix that makes it more difficult to carry a child to term than a woman without the disorder.

14. In April 2016, Pratti underwent a surgical procedure for her condition.

15. At that time, and for the duration of her pregnancy, Pratti had a lifting restriction of 25 pounds because of her condition.

16. Pratti was employed by Trinity Health as a nurse.

17. Pratti could have continued to work as a nurse at Trinity Health with her lifting restriction with an accommodation.

18. Trinity Health accommodated other nurses who had medical restrictions, including those with lifting restrictions.

19. For example, Trinity Health accommodated nurses who had restrictions due to work-related injuries, including by providing them with light or modified duty.

20. Trinity Health accommodated other nurses who had restrictions with leave under the Family Medical Leave Act, and/or by permitting them to use sick or personal leave.

21. Pratti sought accommodations for her lifting restriction from Trinity Health.

22. On or about April 12, 2016, Trinity Health denied her request for an accommodation.

23. Trinity Health could have provided Pratti accommodations without undue hardship.

24. Trinity Health did not provide Pratti with the same accommodations that it provided other nurses because her restrictions stemmed from her pregnancy, and not a work-related injury.

25. Trinity Health did not provide Pratti with leave because she was not eligible for leave under the Family Medical Leave Act.

### COUNT I.  Title VII

26. Paragraphs 1-25 are incorporated herein by reference.

27. Trinity Health failed to provide Pratti with an accommodation for her pregnancy-related condition that it provided to other employees who were similar in their ability or inability to work.

28. Trinity Health did not permit Pratti to continue to work in a nursing position with accommodations because it believed that she would pose a risk and possible liability to Trinity Health.

29. By its conduct, Trinity Health violated Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

30. Trinity Health deprived Pratti of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and pregnancy.

31. The unlawful employment practices complained of were intentional.

32. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Pratti.

### COUNT II.  ADA

33. Paragraphs 1-25 are incorporated herein by reference.

33. Pratti's disorder of the cervix substantially limited her in the major life activity of reproduction.

34. Pratti's disorder of the cervix substantially limited her in the major life activity of lifting for the duration of her pregnancy.

35. The manifestations of Pratti's disorder were recurrent with each pregnancy.

36. Pratti was a qualified person with a disability within the meaning of Title I of the ADA.

37. Trinity Health knew about Pratti's disability.

38. Pratti asked Trinity Health for an accommodation.

39. Trinity Health could have provided Pratti with accommodations for her disability, including by accommodating her in her current job, assigning her to a position (including a light duty position) that was within her restrictions, or if no other accommodation was possible, with unpaid leave.

40. Trinity Health did not provide Pratti with a reasonable accommodation.

41. Because of its failure to provide Pratti with a reasonable accommodation, Trinity Health terminated Pratti.

42. By its conduct, Trinity Health violated the ADA, 42 U.S.C. § 12112. The unlawful employment practices complained of were intentional.

43. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Pratti.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Trinity Health, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violated Title VII, as amended by the PDA;

 B. Grant a permanent injunction enjoining Trinity Health, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violated the ADA;

 C. Grant a permanent injunction enjoining Trinity Health, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying pregnant workers and applicants from receiving the same accommodations made available to other employees similar in their ability or inability to work;

 D. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers and applicants, and which eradicate the effects of its past and present unlawful employment practices described herein;

 E. Order Defendants to make Ms. Pratti whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described herein;

F.　Order Defendants to make Ms. Pratti whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein;

G.　Order Defendants to make Ms. Pratti whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described herein, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

H.　Order Defendants to pay Ms. Pratti punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

I.　Grant such further relief as the Court deems necessary and proper in the public interest; and

J.　Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507

s/ Greg Gochanour
Greg Gochanour
Regional Attorney

s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

s/ Laurie A. Vasichek
Laurie A. Vasichek (MN #171438)
Attorney for Plaintiff
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone  (612) 335-4061
Facsimile:  (612) 335-4044
laurie.vasichek@eeoc.gov
