## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | **AMENDED CONSENT DECREE** |
| Plaintiff, | ) | **AND  ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Trinity Health System d/b/a Trinity Hospital, | ) ) | Case No.  1:17-cv-200 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is motion for the entry of a Consent Decree filed on December 18, 2017. See Docket No.  7.  For good cause shown, the motion is **GRANTED.**

Plaintiff Equal Employment Opportunity Commission ("EEOC") initiated by the above-entitled action by complaint alleging that Trinity Health System, d/b/a Trinity Hospital ("Trinity"), had discriminated against Julianna Pratti by failing to accommodate her pregnancy-related restrictions and thereafter terminating her employment in violation Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990.

In reaching this Consent Decree, the EEOC and the Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information.  The parties have obtained sufficient information to assess the relative merits of the claims and defenses.  Throughout this process, the EEOC and Trinity were represented by counsel knowledgeable in this area of the law.

**THEREFORE**, upon the consent of the parties, and upon review by the Court of these terms, it is **ORDERED**, **ADJUDGED**, and **DECREED** that the following terms are approved as set forth herein:

I. **JURISDICTION**

This Court has jurisdiction over the parties and the subject matter of this action.

II. **FINDINGS**

The purposes of Title VII, the ADA, and the public interest will be furthered by the entry of this Consent Decree.

III. **SCOPE**

The negotiation, execution, and entry of this Consent Decree will resolve all claims of Title VII and ADA violations brought by the Commission against Defendant alleged in the instant civil action. This Consent Decree relates only to the violations alleged in EEOC Charge Number 846-2016-21238 and the instant civil action. The EEOC reserves all rights to proceed with respect to matters not covered in this Consent Decree, and to secure relief on behalf of aggrieved persons not covered by the terms of this Consent Decree.

IV. **TERM**

A. The Term of this Consent Decree and all obligations hereunder will be three (3) years from the Effective Date hereof. The Effective Date hereof will be the date that the District Court approves this Consent Decree. If, at the end of the three (3) year period, any disputes regarding Defendant's compliance with this Decree remain unresolved, the term of this Decree shall be extended automatically (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

B. If Defendant fails to perform its obligations during the Term of this Consent Decree, the EEOC is empowered to enforce this Consent Decree through applicable judicial

enforcement procedures and to seek sanctions which may be due because of the need to enforce this Consent Decree.

C.  Should any provision of this Consent Decree be determined by a Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Consent Decree.

D.  This Consent Decree sets forth the entire agreement between the Commission and Defendant as to the resolution of the captioned lawsuit

## VI.  <u>INJUNCTION</u>

A.  During the term of this Consent Decree, Trinity and its successors and assigns are hereby enjoined from:

1.  Denying an employee temporarily unable to perform the functions of her job because of her pregnancy-related condition from the same benefits and accommodations available to other employees similar in their ability or inability to work, including by providing modified tasks, alternative assignments, or fringe benefits such as disability leave and leave without pay.

2.  Denying benefits and accommodations under Title VII for pregnant employees when providing such benefits and/or job accommodations to other employees with similar restrictions, including employees whose restrictions are related to a work injury.

3.  Denying reasonable accommodations under the ADA for disability-related restrictions of pregnant employees unless such accommodation poses an undue hardship.

3

4.      Denying an accommodation for pregnancy-related conditions without engaging in an interactive process with the employee requesting an accommodation whereby Trinity and the employee work together to determine whether the employee's restrictions can be accommodated to the extent required by Title VII and/or the ADA.

5.      Failing to consider transfer to a vacant position as an available accommodation for pregnancy-related restrictions when the employee cannot be accommodated in her current position.

6.      Restricting any employee's personal physician, after receipt of a HIPAA release form signed by the employee-patient, from cooperating with an EEOC investigation or providing any evidence to the EEOC, as allowed by law, without prior approval of or clearance by Trinity.

7.      Retaliating against any employee who requests accommodation for pregnancy-related restrictions, or who participated in an EEOC investigation or this litigation, or who asserted any rights under or benefitted from this Decree.

## VI.   POLICIES AND POSTING

A.      Within ninety (90) days, Defendant shall review all relevant policies to assure that the policies are consistent with the injunctive relief in this Decree.

B.      Within ninety (90) days, Defendant will adopt, and shall maintain for the term of this Decree, a policy regarding the procedure for an employee to request an accommodation of pregnancy-related restrictions, and setting forth Trinity's commitment to provide such accommodations as required by law. The policy will

4

be circulated to all employees upon adoption, and shall be made available to employees for future reference electronically.

C.    Defendant shall post within ninety (90) days from the entry of this Consent Decree, and keep posted, in conspicuous places in the Human Resources area the posting attached as Exhibit A to Docket No 7. Defendant shall simultaneously post the notice on any intranet site where employees regularly have access. Defendant shall ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notice.

## VIII.  **TRAINING AND OVERSIGHT**

A.    Within ninety (90) days of this Consent Decree, Defendant agrees to conduct a training meeting on the provisions of this Consent Decree with its Human Resources department personnel and all employees responsible for participating in the decision to provide an employee with accommodation of pregnancy-related restrictions.

1.    The training shall include an explanation of the provisions of this Consent Decree, and the requirements of Title VII, the ADA and their regulations as they pertain to providing benefits and accommodations to employees with pregnancy-related restrictions.

2.    The training shall be conducted by an outside trainer with experience in employment discrimination law, and the rights and responsibilities under Title VII and the ADA with regard to pregnancy and pregnancy-related restrictions and conditions.

3.    The training will be live and in person.

4.      Fourteen (14) days before the training, Defendant will provide the EEOC with the identity of the trainer, and a copy of the agenda and materials.

B.      Within one hundred eighty (180) days of this Consent Decree, Defendant will develop a web-based training on its policies and procedures as they relate to providing benefits and accommodations to employees with pregnancy-related restrictions.

1.      The training module will be hosted on Defendant's intranet and accessible to all employees looking for information about Defendant's policies relating to pregnancy.

2.      The training module will inform the employees where they can obtain more information on Defendant's policies and procedures as they relate to providing benefits and accommodations to employees with pregnancy-related restrictions.

3.      The training module will identify a person to whom questions relating to the training can be directed.

4.      The training module will be provided to the EEOC thirty (30) days before it is launched to provide the EEOC with an opportunity to make comments and suggestions.

## VIII.   REPORTING REQUIREMENTS

A.      Defendant shall provide the Commission with three (3) written reports, the first on the date falling six (6) months after the entry of this Consent Decree by the Court, with each successive report due annually thereafter; provided however, that the final report shall be submitted one (1) month prior to the end of the term of this Decree.

B.      The report will be sent via email to eeoc-mnao-decree-monitoring@eeoc.gov.

C       This report will set forth the following:

    1.      A certification that the required trainings have been completed, accompanied by a copy of the training materials referred to above, with Defendant's annual reporting, discussed in paragraph VIII.

    2.      A searchable list (preferably in Excel format) of all requests for accommodation or job modification, including but not limited to, requests for light duty assignments, made by employees of Defendant. Reports shall include:

        i.      the name, address, job title and telephone number of the requesting party;

        ii.     the date of the request;

        iii.    the reason for the request (i.e. pregnancy, workers' compensation, disability, etc.);

        iv.     whether the accommodation was granted or denied;

        v.      the reasons for any denials of accommodation; and

        vi.     the names, job titles, and employers of all individuals involved in the decision to grant or deny the request.

D.      If EEOC requests, Defendants shall make documents or records relating to the reports available to EEOC within ten (10) calendar days of EEOC's request. In addition, Defendants shall require personnel within its employ or under its authority or control, and whom EEOC requests to verify compliance with this Decree, to cooperate with EEOC, and to be interviewed upon EEOC's request, and shall permit an EEOC

representative to enter its premises for such purposes. However, all interviews shall

be conducted in a manner that does not interfere with patient care coverage, privacy

concerns, or HIPAA compliance. All interviews will also be conducted in

conformance with the ABA Model Rules of Professional Conduct.

E.      After Trinity's submission of any annual report, the Commission can request

additional information relating to requests for accommodation. In response, Trinity

shall, within thirty (30) days, or within an amount of time mutually agreed upon by

the parties, after receipt of such request, provide the contact information for all

persons who made the request or who participated in the decision-making process

relating to the request, including name, current home address, email address (if

known), and phone number.

## X.      INDIVIDUAL REMEDY

A.      SETTLEMENT PAYMENT

1.      Within thirty (30) days of the entry of this Consent Decree by the Court,

Defendant shall pay to Julianna Pratti the sum of $95,000. ("Settlement

Payment"). Of this amount, $70,000 is characterized as compensatory

damages, including compensation for pecuniary losses, and $25,000 is

characterized as back pay for the period of January 2016 through December

4, 2016. The amount characterized as back pay shall have appropriate taxes

and withholdings taken from it, except that the employers' share of taxes and

withholding shall not be deducted from the amount payable to Pratti. Trinity

shall only be liable for paying the applicable employer portion of taxes and

withholding.

2.      Upon delivering the Settlement Payment as set forth above, Defendant shall, on the same date, deliver to counsel for the EEOC, at the address below, a copy of the checks remitted to Julianna Pratti, and tracking information for delivery.

B.      OTHER INDIVIDUAL RELIEF

1.      Defendant represents that there are no documents in Pratti's personnel files that (a) refer to the allegations of discrimination filed against Defendant that formed the basis of this action; or (b) refer to this action. Within sixty (60) days from the entry of this Consent Decree, Defendant will re-examine the personnel file and expunge any such documents therein.

2.      Defendant shall adjust all internal documents to reflect that Pratti's hire date is January 11, 2016, and that date shall be used for all purposes to which seniority is considered, such as for transfers to different departments.

3.      In response to any inquiry received by Defendant concerning Pratti from a potential employer, headhunter, or other person inquiring about Pratti's employment history, if directed to the Human Resources Department or a management employee, Defendant shall ensure that it does not refer to Ms. Pratti's filing of a charge or to this lawsuit.

## X.      **SUCCESSORS**

This Decree shall bind all present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant and any of its successors shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or with any

successor, before any such asset sale, acquisition or merger. This paragraph shall not limit

the remedies available should the Court find any party in violation of this Decree.

**XI.**   **COSTS AND ATTORNEYS FEES**

Each party will bear that party's own costs and attorney's fees.

**XII.**   **COURT APPROVAL**

The Court approves of this Consent Decree, reserving jurisdiction only as necessary to

enforce this Consent Decree.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2017.

*/s/ Daniel L.  Hovland* \
Daniel L.  Hovland, Chief Judge \
United States District Court

10